[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 96-1695

LAROY D. COX,

Plaintiff, Appellant,

v.

PETER J. O'MALLEY, MILLER THOMAS, TRENT W. HOLLAND,
WILLIAM DUNN, FRANCIS M. ROACHE AND
CITY OF BOSTON,

Defendants, Appellees.

 

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert B. Collings, U.S. Magistrate Judge] 

 

Before

Cyr, Circuit Judge, 

Aldrich and Campbell, Senior Circuit Judges. 

 

Valeriano Diviacchi, with whom Diviacchi Law Office was on brief 
for appellant.
Kimberly M. Saillant, with whom Merita A. Hopkins was on brief 
for appellees City of Boston and Roache.
Ronald Kovner, with whom Merita A. Hopkins and Christopher J. 
Muse were on brief for appellees O'Malley, Thomas and Holland. 
Thomas Drechsler for appellee Dunn. 

 

January 22, 1997
 

Per Curiam. Plaintiff Laroy Cox challenges a district Per Curiam.  

court ruling denying relief from a judgment dismissing his claim

for damages against the City of Boston and various members of its

police department. See 42 U.S.C. 1983; Mass. Gen. L. ch. 12, 

11I. The claim arose out of Cox's interrogation during the

Boston Police investigation of the Carol Stewart homicide. The

principal thrust of the Cox appeal is that counsel for defendants

failed to produce some 900 pages of material from the Boston

Police Department Internal Affairs Division ("IAD") which were

properly requested during pretrial discovery. As the district

court did not abuse its discretion, see Anderson v. Cryovac, 

Inc., 62 F.2d 910, 923 (1st Cir. 1988), we affirm.  

The record discloses that Cox's counsel knew, well

before trial, that the IAD files existed; in fact, counsel so

conceded in the motion for reconsideration filed below. More-

over, in a pretrial letter mailed June 1, 1995, the City of

Boston offered to provide the IAD files to Cox's counsel, but the

offer was declined. Thus, Cox has not explained how the prof-

fered IAD files can have been evidence "newly discovered" after

the entry of judgment, let alone evidence not discoverable in the

exercise of due diligence. See Fed. R. Civ. P. 60(b)(2).  

Cox nonetheless contends that his Rule 60(b)(2) motion

should have been granted because defendants had an ongoing duty

to supplement their discovery responses. See Fed. R. Civ. P. 

2

26(e).1 This contention reduces to a claim that a responding

party's alleged failure to supplement its document production

excuses the proponent of a Rule 60(b)(2) motion from demonstrat-

 

1Rule 26(e) provides as follows: 

"(e) Supplementation of Disclosures and Re- Supplementation of Disclosures and Re-
sponses. A party who has made a disclosure sponses
under subdivision (a) or responded to a re-
quest for discovery with a disclosure or
response is under a duty to supplement or
correct the disclosure or response to include
information thereafter acquired if ordered by
the court or in the following circumstances:
(1) A party is under a duty to
supplement at appropriate intervals
its disclosures under subdivision
(a) if the party learns that in
some material respect the informa-
tion disclosed is incomplete or
incorrect and if the additional or
corrective information has not
otherwise been made known to the
other parties during the discovery
process or in writing. With re-
spect to testimony of an expert
from whom a report is required
under subdivision (a)(2)(B) the
duty extends both to information
contained in the report and to in-
formation provided through a depo-
sition of the expert, and any addi-
tions or other changes to this in-
formation shall be disclosed by the
time the party's disclosures under
Rule 26(a)(3) are due.
(2) A party is under a duty
seasonably to amend a prior re-
sponse to an interrogatory, request
for production, or request for
admission if the party learns that
the response is in some material
respect incomplete or incorrect and
if the additional or corrective
information has not otherwise been
made known to the other parties
during the discovery process or in
writing."

3

ing that he did not know the files existed and could not have

discovered them through due diligence in time to move for a new

trial under Rule 59(b). This contention not only lacks case

support, but runs directly counter to the plain language of Rule

60(b)(2), requiring a showing by the movant that the evidence in

question was "newly discovered [and] by due diligence [on

movant's part] could not have been discovered in time to move for

a new trial under Rule 59(b) . . . ." Fed. R. Civ. P. 60(b)(2).

As Cox's counsel knew of the existence of the IAD files, and in

the exercise of due diligence could have discovered their con-

tents as well, we reject the Rule 60(b)(2) claim as frivolous. 

Cox fares no better with his Rule 60(b)(3) claim. As

he did not move to compel production of the IAD files after

defendants objected to their production,2 defendants were never 

obligated to produce them. See Fed. R. Civ. P. 45(c)(2)(B). The 

trial transcript plainly indicates that defendants made no

misrepresentations or misleading statements regarding the IAD

files. Rather, defendants represented to Cox's counsel at trial

that he had been provided with the entire homicide file.3 Given 

 

2On January 13, 1994, defendants City of Boston and Francis
Roache objected to Cox's pretrial request to produce the IAD
files, based on a Sept. 20, 1993 stay order issued by the Massa-
chusetts Appeals Court in Globe Newspaper Co. v. Police Cmm'r of 
the City of Boston.  

3At trial, Cox's counsel moved to compel production of an
eleven-page statement by Detective O'Malley. The next day the
City of Boston produced the document and stated that it "came out
of the Internal Affairs file of the Boston Police department."
Cox's counsel neither asked about the rest of the IAD file, nor
inquired whether it contained other documents. 

4

that counsel for the City of Boston had made a pretrial offer on

June 1, 1995, to produce all IAD files,4 this written notifica-

tion substantially met its obligations under Rule 26(e), see Fed. 

R. Civ. P. 26(e)(2) ("A party is under a duty seasonably to amend

a prior response to [a] . . . request for production . . . if the

additional or corrective information has not otherwise been made 

known to the other parties during the discovery process or in 

writing.") (emphasis added). Having spurned the City of Boston's 

offer to produce the IAD files, Cox cannot plausibly maintain

that the district court abused its discretion in rejecting his

belated request for relief from judgment. See United States 

Fidelity & Guar. Co. v. Baker Material Handling Corp., 62 F.3d 

24, 29 (1st Cir. 1995) ("A party may not prevail on a Rule

60(b)(3) motion . . . where [it] has access to disputed informa-

tion or has knowledge of inaccuracies in an opponent's represen-

tations at the time of the alleged misconduct.").

The district court judgment is affirmed and costs are 

awarded to appellees City of Boston and Francis M. Roache. 

SO ORDERED. SO ORDERED 

 

4After the Supreme Judicial Court vacated the stay, see 
supra note 2, on April 5, 1995, the City of Boston notified Cox's 
attorney in writing that pursuant to the SJC decision in Globe 
Newspaper Co., it was willing to produce the IAD documents. 

5